Timothy COYLE, Plaintiff–Appellant,

v.

Susan COYLE, individually, Pamela Olsen, Detective/Agent, individually and in her official capacity as an officer of the Nassau County Police Department, Steven Degraziano, Lieutenant, individually and in his official capacity as an officer of the Nassau County Police Department, The Nassau County Police Department, and The County of Nassau, Defendants–Appellees.

No. 05–1204.

United States Court of Appeals, Second Circuit.

Oct. 27, 2005.

Timothy Coyle, Huntington, NY., for Plaintiff.

Lorna B. Goodman, County Attorney for the County of Nassau County, (David B. Goldin, Deputy County Attorney for the County of Nassau County,) Mineola, NY., for Defendants, of counsel.

Present: JACOBS, CABRANES, and SACK, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Timothy Coyle appeals from a Decision and Order of the United States District Court for the Eastern District of New York (Spatt, *J.*) dismissing, pursuant to Rule 12(b)(6), his 42 U.S.C. § 1983 claims against Appellees Pamela Olsen, Steven DeGraziano, the Nassau County Police De-

partment, and the County of Nassau.[1] Coyle's complaint alleged claims of false arrest, false imprisonment, and malicious prosecution, in violation of the Fourth and Fourteenth Amendments, stemming from his October 2002 arrest for allegedly violating his wife's order of protection. We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

Our review of a district court's dismissal of a complaint pursuant to Rule 12(b)(6) is *de novo*. *See Nicolaou v. Horizon Media, Inc.*, 402 F.3d 325, 327 (2d Cir.2005).

■ "A § 1983 claim of false arrest based on the Fourth Amendment right to be free from unreasonable seizures may not be maintained if there was probable cause for the arrest." *Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir.2002). Coyle's amended complaint failed to allege any facts supporting his claim that the police officers who arrested him lacked probable cause. "Once a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 128 (2d Cir.1997).

■ In his Memorandum of Law opposing Appellees's 12(b)(6) motion, Coyle for the first time made assertions regarding his wife's past history of false allegations and his prior representations to the police regarding these allegations. Even according Coyle the consideration afforded to *pro se* litigants, we conclude that the district court properly refused to consider these additional alleged facts. *See Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir.1999) ("In considering a motion to dis-

---

1. The district court declined to exercise supplemental jurisdiction over Coyle's related state law claims.

miss for failure to state a claim, a district court must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits and documents incorporated by reference in the complaint.").

 Coyle asserts in his amended complaint that the (operative) September 26 Order of Protection differed from the (expired) May 6 Order of Protection in a material way. He further avers that the district court erred in taking judicial notice that the September 26 Order merely extended the May 6 Order. Even if the district court erred in deciding a 12(b)(6) motion based on extraneous materials, *see Cortec Indus. v. Sum Holding L.P.,* 949 F.2d 42, 47–48 (1991) (discussing when a district court may consider extraneous materials in ruling on a 12(b)(6) motion), "probable cause to arrest can exist even when the arrest is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying upon that information." *Welch v. City of New York,* No. 95 Civ. 8953, 1997 WL 436382, at *5 (S.D.N.Y. Aug. 4, 1997) (internal quotations omitted). We conclude that regardless of the status of the orders of protection, the arresting officers acted reasonably and in good faith.

We have considered Coyle's remaining arguments and find each of them to be meritless.

For these reasons, the decision of the district court is **AFFIRMED.**